UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JC&C BUILDERS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:24-cv-02012-JPH-MJD |

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs have filed a Motion to Compel Non-Party Indiana Department of Revenue ("IDR") to comply with a subpoena to produce Defendant's tax records. [Dkt. 33.] For the reasons explained below, the motion is **GRANTED**.

**I. Background**

Plaintiffs in this lawsuit include the Central Midwest Regional Council of Carpenters and four union benefit funds. They bring an ERISA action against Defendant JC&C Builders, LLC, alleging that the company failed to make monthly reports and contributions as required by the collective bargaining agreement. [Dkt. 1.] Defendant failed to appear in this action, and the Clerk issued an entry of default on January 15, 2025. [Dkt. 12.]

In order to complete a payroll compliance audit of Defendant, Plaintiff served a subpoena on IDR on October 31, 2025, for the following documents:

1. Copies of JC&C Builders, LLC's state tax returns for tax years 2023 and/or 2024, including any schedule thereto;

2. Any and all Employer Withholding Tax Returns (Form WH-1) and Annual Withholding Reconciliation Forms (Form WH-3), together with all W-2 data filed by JC&C Builders, LLC for tax years 2023 and/or 2024; and
3. Any and all Forms 1099 filed by JC&C Builders, LLC for tax years 2023 and/or 2024.

[Dkt. 34-1 at 5; *see also* dkt. 34-2 (proof of service).]

When IDR did not respond to the subpoena, Plaintiffs sent an email to IDR's assistant general counsel Jim Clark asking for an update on the status of its response. [Dkt. 34-3 at 3.] Clark sent the following response on December 10, 2025:

> We are constrained in our ability to respond by our confidentiality statute, IC 6-8.1-7-1. (https://iga.in.gov/laws/2025/ic/titles/6#6-8.1-7-1) Except in the statute's enumerated exceptions — none of which is applicable here — we are prohibited from disclosing confidential taxpayer information unless compelled to do so by a "judicial order." (Under IC 6-8.1-7-3, Department employees who make unauthorized disclosures are subject to termination of employment and potential criminal liability.) We routinely advise parties who serve subpoenas on us that we interpret "judicial order" to mean an order signed by a judge acting in an official capacity after being apprised of the circumstances. This means, as a practical matter, that subpoenas are insufficient, and parties must move to compel our response. We generally do not oppose such motions, and we would not intend to do so in your cases.
>
> If you elect to file motions to compel our responses, please feel free to attach this email as an exhibit, and I'd appreciate it if you'd email me a copy of your motions. It would certainly be our intention to comply with a judicial order compelling our responses.

*Id.* at 2.

Plaintiffs filed the present Motion to Compel on December 30, 2025. [Dkt. 33.] IDR has not filed a response, and the time to do so has passed. The motion is now ripe for the Court's review.

## II. Legal Standard

Federal Rule of Civil Procedure 45 allows a party to command production of "documents, electronically stored information, or tangible things" from a non-party. Fed. R. Civ.

P. 45(a)(1)(D). The non-party may object to production by serving a written objection no later than 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). In response to the objection, the serving party "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

### III. Discussion

IDR's sole objection to Plaintiffs' subpoena is that an Indiana statute prohibits it "from disclosing confidential taxpayer information unless compelled to do so by a 'judicial order.'" [Dkt. 34-3 at 2 (citing Ind. Code § 6-8.1-7-3).] IDR directed Plaintiffs to file the present Motion to Compel and stated that IDR would not contest the motion and would comply with an Order granting the motion. *Id.*

While the Court appreciates IDR's willingness to comply with an Order signed by a federal judge, it disagrees with its position that Plaintiffs' subpoena itself is not a court order. As this Court previously informed a different Indiana state agency, in that case the Indiana Department of Workforce Development, "a subpoena *duces tecum* served by an attorney is an order of the court." *Miller v. St. John's Health System, Inc.*, 2011 WL 3890315, at *2 (S.D. Ind. July 29, 2011) (citing *U.S. Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 698 (7th Cir. 2010); *see also United States v. Grooms*, 6 F. App'x 377, 381 (7th Cir. 2001) ("[a] subpoena is a court order—not merely a demand of a party to litigation")). Indeed, the failure to comply with a subpoena may result in contempt. Fed. R. Civ. P. 45(g). Further, the advisory committee's note to Rule 45 explains, "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45 advisory committee's note

(1991).  Thus, IDR's position that a subpoena is something other than a court order is legally unsound and has resulted in undue time and expense to both the Plaintiffs and the Court.

Accordingly, **the Indiana Department of Revenue shall comply with Plaintiffs' subpoena and produce the following documents no later than February 5, 2026**:

1. Copies of JC&C Builders, LLC's state tax returns for tax years 2023 and/or 2024, including any schedule thereto;
2. Any and all Employer Withholding Tax Returns (Form WH-1) and Annual Withholding Reconciliation Forms (Form WH-3), together with all W-2 data filed by JC&C Builders, LLC for tax years 2023 and/or 2024; and
3. Any and all Forms 1099 filed by JC&C Builders, LLC for tax years 2023 and/or 2024.

SO ORDERED.

Dated:  22 JAN 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Indiana Department of Revenue
C/O Assistant General Counsel Jim Clark
100 North Senate Avenue
Indianapolis, IN 46204