UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:24-cv-02012-JRO-MJD ) |
| JC&C BUILDERS, LLC | ) ) |
| Defendant. | ) |

**ORDER ENTERING DEFAULT JUDGMENT**

Before the Court is Plaintiffs'[1] motion for default judgment against Defendant JC&C Builders, LLC ("JC&C"). Dkt. [44]. For the reasons that follow, and pursuant to Federal Rule of Civil Procedure 55, Plaintiffs' motion for default judgment, dkt. [44], is **GRANTED**, and Defendant is ordered to pay in the aggregate the amount of $29,620.35.

## I. BACKGROUND

Unless otherwise stated, the following facts are taken from the Complaint and are accepted as true based on the Clerk's entry of default. *See* Fed. R. Civ. P. 55(b); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). The Court also finds

---

[1] References to "Plaintiffs" refer to the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND ("collectively, the "Trust Funds"), and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS ("Union").

the other facts summarized in this Order are true by a preponderance of the evidence based on the uncontested evidence submitted by Plaintiffs.

Defendant JC&C is an Indiana limited liability company with its principal place of business in Kouts, Indiana. JC&C agreed via a memorandum of agreement ("MOA") to be bound to the Union's various collective bargaining agreements ("CBA"). The agreements bound JC&C to the Trust Funds' respective Agreements and Declarations of Trust. JC&C is required under these agreements "to make monthly reports of the number of hours worked by its bargaining unit employees and pay contributions to the Trust Funds and contributions and wage deductions to the Union at the negotiated rates on or before the twentieth (20th) day following the month in which the work was performed." Dkt. 44 ¶ 8. Employers subject to these agreements who fail to timely submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs.

An audit conducted in the course of this litigation revealed that from July 21, 2023, to September 30, 2024, JC&C failed to report 271.5 hours worked by covered employees to the Trust Funds. It now owes the Trust Funds $6,323.24 in unpaid contributions, $632.32 in liquidated damages, and $1,596.53 in interest. Dkt. 44-2. Additionally, it owes the Union $619.93 in contributions and wage deductions. Dkt. 44-1. Finally, JC&C is liable for the $20,448.33 in attorneys' fees and court costs expended in pursuing this action. Dkt. 44-3.

Plaintiffs initiated this action to recover damages in the amount owed. Plaintiffs represent that JC&C was properly served on November 26, 2024. Dkt. 9. On January 15, 2025, the Clerk of Court entered Default. Dkt. 12. Next, Plaintiffs filed, and the Court granted a Motion for an Audit. Dkts. 13, 14. After the audit was completed, Plaintiffs filed the present motion on April 24, 2026. Dkt. 44. JC&C has never pleaded or otherwise responded, nor has counsel appeared on its behalf.

## II. LIABILITY

Federal Rule of Civil Procedure 55 sets forth a "two-step process" for obtaining a default judgment. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiffs must seek an entry of default from the Clerk. Fed. R. Civ. P. 55(a); *see VLM Food*, 811 F.3d at 255 (explaining "[t]he basic effect of an entry of default is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true" (cleaned up)).

Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

As previously noted, the Clerk entered default against JC&C on January 15, 2025. Dkt. 12. That was step one under Rule 55. That entry of default

3

"'d[id] not of itself determine rights,'" but had the effect of establishing the facts of Plaintiffs' well-plead allegations relating to liability. *VLM Food*, 811 F.3d at 255 (quoting *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir.1972) and citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)).

### III. RELIEF

Unlike allegations as to JC&C's liability, damages must be proved. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Here, Plaintiffs seek unpaid contributions, liquidated damages, interest, and attorney fees and costs. Dkt. 44 at 2. Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602. The Employee Retirement Income Security Act ("ERISA") sets forth the damages owed against defendants in civil enforcement matters. 29 U.S.C. § 1132.

### A.    Unpaid Contributions

Under Section 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Plaintiffs request $6,323.24 in contributions to be paid to the Trust Funds.[2] Dkt. 44 at 4. In support, they

---

[2] In one place, Plaintiffs' briefing states that the Trust Funds are owed $7,067.16 in contributions but elsewhere claims only $6,323.24. *Compare* dkt. 44 at 3 *with id.* at 4. The $7,067.16 figure is not supported by the accompanying evidence as Rule 55(b)(1)

provided a declaration of Michelle Zimmerman, partner at L.M. Henderson & Company, LLP (the company that audited JC&C).  Dkt. 44-2.  That declaration explains that JC&C owes the Trust Funds $6,323.24 in contributions.  *Id.* ¶ 4. Attached to the declaration is a spreadsheet containing the "discrepancy detail" with the breakdown of the total contributions owed.  *Id.* at 4–5.

Plaintiffs also request $619.93 in contributions and wage deductions paid to the Union.  In support, they provided a declaration of Amanda Hall, employee of the Trust Funds' third-party administrator.  Dkt. 44-1.  The declaration discusses the amount owed in contributions to the Union, $619.93.  *Id.* at 3. Attached to the declaration is an itemization of contributions and deductions supporting the calculation of $619.93.  *Id.* at 11.

These uncontested declarations and supporting spreadsheets are enough to support Plaintiffs' unpaid-contributions damages request.  *See e360 Insight*, 500 F.3d at 602.  The Trust Funds are therefore entitled to $6,323.24 in unpaid contributions, and the Union is entitled to $619.93 in unpaid contributions and wage deductions.

**B.    Interest**

Section 1132(g)(2)(B) authorizes the Court to award interest on the unpaid contributions.  Plaintiffs request $1,596.53 in interest to be paid to the Trust Funds.  Dkt. 44 at 4.  In support, they provided the Zimmerman declaration. Dkt. 44-2.  That declaration explains that JC&C owes the Trust Funds $1,596.53

---

requires.  Fed. R. Civ. P. 55(b)(1).  The Court accordingly proceeds with the $6,323.24 sum supported by declaration and evidence.

in interest based on a 10% interest rate for each year or partial year where the contribution was not paid.  *Id.* ¶ 4; *see also* dkt. 44-1 at 8.  Attached to the declaration is a spreadsheet containing the "discrepancy detail" with the breakdown of the total interest owed per year.  *Id.* at 4–5.

This uncontested declaration and supporting spreadsheet are enough to support Plaintiffs' interest request.  *See e360 Insight*, 500 F.3d at 602.  They are therefore entitled to $1,596.53 in interest.

## C.    Liquidated Damages

Per Section 1132(g)(2)(C), in addition to interest on the unpaid contributions, "the Court shall award  . . . an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions.  In other words, the Trust Funds are entitled either interest and liquidated damages or double interest.  *See Trs. of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 898 (7th Cir. 2009).

Plaintiffs here claim liquidated damages in the amount of $632.32, which is 10 percent of the Trust Funds' unpaid contributions.  Dkt. 44 at 4; *see also* dkt. 44-1 at 6.  This is supported by the Zimmerman declaration and the spreadsheet accompanying it.  Dkt. 44-2 ¶ 4; *id.* at 4.  These statutory remedies are mandatory.  *See Moriarity ex rel. Local Union No. 727 v. Svec,* 429 F.3d 710, 720–21 (7th Cir. 2005).

The Plaintiffs are accordingly entitled to $632.32 under clause (g)(2)(C).[3]

## D.     Attorneys' Fees and Costs

Finally, Plaintiffs seek $20,448.33 in reasonable attorneys' fees and costs under  Section 1132(g)(2)(D).  Attorney fees awards are in the sound discretion of the district court, but the Court "must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award" and must explain the hourly rate used.  *Moriarity*, 429 F.3d at 717.

Plaintiffs' request for attorneys' fees and costs of $20,448.33 is supported by the declaration of their counsel here, Adam Y. Decker.  Dkt. 44-3.  Attached to his declaration is a detailed bill for his firms' efforts on this matter between August 8, 2024, and April 20, 2026.  The bill captures 70.82 hours billed at attorney hourly rates ranging from $240 to $345.  Dkt. 44-3 at 3–29.  It also includes costs for research, the Court's filing fee, and effectuating out-of-state service of process.  *Id.*

Plaintiffs have been litigating this case in federal court since November 14, 2024, almost eighteen months.  They had to compel JC&C to submit to an audit,

---

[3] Plaintiffs are certainly entitled to interest and liquidated damages pursuant to ERISA, but they could have sought double interest instead.  29 U.S.C. § 1132(g)(2)(C).  *See also UA Plumbers 63 & Steamfitters 353 Joint Pension Tr. Fund v. Jim Behm & Son Plumbing, Inc.*, No. 1:24-CV-01116-JEH-RLH, 2025 WL 1894957, at *3 (C.D. Ill. July 8, 2025).  The statute permits "ERISA plans to choose between providing for liquidated damages and providing for double interest  . . . ."  *Operating Eng'rs Loc. 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001).  The Seventh Circuit indicated plans would "naturally" choose whichever recovery was higher.  *Id.*  Here, Plaintiffs made a different decision.  "A default judgment must not differ in kind from, *or exceed in amount*, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c) (emphasis added).  So, the Court will award only what Plaintiffs have requested.  *See* dkt. 1 at 6–7 (seeking relief of liquidated damages and interest).

dkt. 14, get JC&C to comply with the audit through two show-cause hearings threatening contempt of court, dkts. 17 & 20, and compel a non-party to comply with a subpoena to produce Defendant's tax records, dkt. 36.

The Court finds that attorneys' fees sought here—while approximately double the damages award—are proportional to the case. Notably, JC&C could have avoided some of these costs by complying more promptly with Court orders, especially regarding the Court-ordered audit. Where a defendant is more litigious, responding attorneys may reasonably and proportionately bill for more time. *See Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 546 (7th Cir. 2009) ("[E]ven though the fee request was more than seven times the amount of damages, there may have been good cause" where the defendant failed to cooperate with discovery requests, participate in settlement discussions, or obey the court's orders.)

As to the hourly rates used, other courts in this district have approved similar rates. See *Indiana/Kentucky/Ohio Reg'l Council of Carpenters Pension Fund v. B Squared Constr. Serv., LLC*, No. 1:24-CV-01848-JPH-TAB, 2025 WL 2969861, at *3 (S.D. Ind. Oct. 21, 2025) (citing *Kirkpatrick v. Liberty Mut. Group, Inc.*, No. 1:10-cv-1397, 2012 WL 2317063, at *3 (S.D. Ind. 2012)) (approving attorney rates ranging from $240.00 to $335.00). The Court agrees that billing attorney time at rates between $240 and $345 for ERISA actions is reasonable for the market.

Accordingly, the Court finds the requested $20,448.33 in attorneys' fees and costs is reasonable and justified.

## IV. CONCLUSION

Plaintiffs' motion for entry of default judgment, dkt. [44], is **GRANTED.** Final judgment shall issue by separate entry.  The **Clerk is directed** to file judgment in favor of Plaintiffs and against Defendant.  Defendant is ordered to pay in the aggregate amount of $29,620.35, itemized as follows:

    i.     $6,323.24 in contributions owed to the Trust Funds;

    ii.    $619.93 in contributions/deductions owed to the Union;

    iii.   $1,596.53 in interest owed to the Trust Funds

    iv.   $632.32 in liquidated damages owed to the Trust Funds; and

    v.    $20,448.33 in reasonable attorneys' fees and costs incurred by Plaintiffs.

Final judgment shall issue by separate entry.

**SO ORDERED**.

Date: June 17, 2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email